IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Doc. 1:19-cv-01566-RBJ

EXTERIOR EXPERTS, INC.,

      Plaintiff,

v.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,

      Defendant.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND FOR SANCTIONS**

Defendant Allstate Vehicle and Property Insurance Company ("Allstate"), through its undersigned counsel, respectfully requests the Court to grant it summary judgment under Fed. R. Civ. P. 56; or, alternatively, dismiss the complaint for prejudice due to Plaintiff's failure to prosecute and for Plaintiff's violation of this Court's January 23, 2020 and February 11, 2020 Orders. Allstate also seeks its attorney fees and costs because this action is frivolous under C.R.S. § 10-3-1116(5) (for which all fees and costs should be awarded), and because Allstate is entitled to all its costs and to some fees under Fed. R. Civ. P. 16(f)(1)(C) and (f)(2) for Plaintiff's violations of this Court's Orders.

**CERTIFICATE OF CONFERRAL**

Plaintiff is a Colorado corporation and is not represented by counsel in this action. In accordance with D.C.COLO.LCivR 7.1(a), counsel for Allstate certify they have tried to confer

about this motion with Plaintiff's sole representative, Jason D. Sloan, by sending an email to Mr. Sloan on May 18, 2020.[1] He has not responded.

## INTRODUCTION

This case is one of seven nearly identical cases filed in the U.S. District Court for the District of Colorado by the Plaintiff, Exterior Experts, Inc. ("Plaintiff") for statutory bad faith delay or denial of insurance benefits under C.R.S. §§ 10-3-1115 and 10-3-1116. Plaintiff is a Colorado corporation run by Jason Sloan as its sole owner, employee, officer, and director. In these seven cases, Plaintiff sued insurance companies, alleging in each case that (i) Plaintiff performed post-hailstorm roof work for a homeowner; and (ii) the homeowner's insurer either declined to pay, or delayed payment of, the alleged full value of the work. Exterior Experts filed these baseless cases in an effort to abuse the legal system and negotiate quick settlements.

The same law firm represented Plaintiff in all seven cases, which were filed in 2019 in quick succession. But in early 2020, that firm withdrew. Multiple Judges and Magistrate Judges of this Court informed Mr. Sloan that Plaintiff needed to retain new counsel to represent the company, or else the litigation would be dismissed for failure to prosecute and sanctions could be issued. On January 23, 2020 this Court directed Plaintiff to file, by February 10, 2020, a status report regarding its efforts to find new counsel. (ECF Doc. 28) Plaintiff did not do so, and on February 11, 2020 the Court issued an Order to Show Cause why the case should not be dismissed. (ECF Doc. 31) Plaintiff has not responded to either Order, nor has Plaintiff responded to emails from the undersigned counsel.

---

[1] The email address used—jason@myexteriorexperts.com—was set forth in the certificate of service of the amended withdrawal motion of Plaintiff's counsel (ECF Doc. 37) in the similar case of *Exterior Experts v. Allstate*, Doc. 1:19-cv-01563-REB-KLM (D. Colo.).

Allstate is entitled to summary judgment on Plaintiff's one-claim Complaint, for two principal reasons. First, Plaintiff's standing is highly questionable. Plaintiff admittedly has no contractual assignment from Allstate's insured Ms. Munoz. And during its deposition Plaintiff expressly disclaimed that it was suing Allstate "on behalf of" Ms. Munoz, even though suit "on behalf of" an insured is required for Plaintiff to acquire standing to assert a § 10-3-1115 claim. Second, Ms. Munoz's Policy requires only that Allstate pay for repairs for covered losses, including hail. Allstate fulfilled that obligation here, and then some. Plaintiff, which has already made quite a large profit by acting as a middleman to have others make the repairs, simply wants an even bigger profit. Allstate has no obligation to pay more money to its insured's contractor simply because the contractor wants incredibly high profit margins.

For these and other reasons, Plaintiff's Complaint is also frivolous under § 10-3-1116(5). Allstate should be awarded all of its attorney fees and costs under that statute.

For the independent reasons that Plaintiff has abandoned this litigation (failure to prosecute) and has willfully violated this Court's January 23, 2020 and February 11, 2020 pretrial orders, Allstate is also entitled to dismissal of the Complaint with prejudice, to an award of all its costs, and to an award of its attorney fees resulting from Plaintiff's violation of the pretrial orders.

## STATEMENT OF UNDISPUTED FACTS UNDER D.C.COLO.LCIVR 56.1

### I. EXTERIOR EXPERTS AGREES TO REPAIR A PROPERTY FOR $13,712, BUT THEN BILLS ALLSTATE FOR OVER $31,000

1. Allstate insured the home of Elda Munoz at 2155 Myrtlewood Lane, Lakewood, Colorado 80215 (the "Property"). (ECF Doc. 4 ¶¶ 1-2; ECF Doc. 13 ¶¶ 1-2.)

2. On May 8, 2017, a hail storm occurred in the Denver area. Ms. Munoz notified Allstate that the Property had incurred hail damage. (ECF Doc. 4 ¶¶ 6-7; ECF Doc. 13 ¶ 7.)

3. Allstate inspected the Property and adjusted the claim. On May 22, 2017, Allstate determined that the roof should be replaced and related repairs should be performed, at a replacement cost of $13,712.88. (Exhibit 1 at 97:16-98:11; Exhibit 2 at 5.)

4. After Allstate adjusted the claim, Ms. Munoz entered into a contract ("Contract") with Plaintiff to conduct the repairs which Allstate had identified. (Exhibit 1 at 81:6-8, 89:17-23; Exhibit 3 at 2-3.)

5. The Contract between Munoz and Plaintiff stated that the Contract price (the cost of repairs) shall not exceed the funds paid by Ms. Munoz's insurer. (Exhibit 1 at 99:12-100:1; Exhibit 3 at 2.)

6. The Contract amount was therefore the same $13,712.88 already approved by Allstate, plus any then-unknown supplemental repair work which Allstate might later approve. (Exhibit 1 at 82:5-7, 95:4-12, 97:13-15; Exhibit 3 at 2.)

7. The Contract further stated that Ms. Munoz was the one hiring Plaintiff, and therefore she was responsible for paying Plaintiff. (Exhibit 1 at 83:8-14; Exhibit 3 at 2.) Her responsibility to Plaintiff included paying it for the portion of authorized costs of repairs attributable to her $1,000 insurance deductible. (Exhibit 1 at 76:2-7, 83:13-14; Exhibit 3 at 2.)

8. With supplemental approvals, Allstate authorized a total of $20,733.44 in repair costs. (Exhibit 1 at 61:21-62:1; Exhibit 4.) Allstate paid Ms. Munoz a total of $19,733.44, the total repair costs minus her deductible. (Exhibit 1 at 75:22-25; *see also* Exhibit 5.)

9. Ms. Munoz paid $20,733.44 to Plaintiff. (Exhibit 1 at 67:12-68:11; Exhibit 6.)

10. Plaintiff performed no roofing work itself; instead, Plaintiff merely engaged independent contractors who performed that work. (Exhibit 1 at 24:7-25:2, 27:7-12, 52:17-20, 53:3-5, 54:3-55:4)

11. Plaintiff earned a significant profit for merely hiring a contractor to carry out covered repairs. The documentary evidence in this matter shows that Plaintiff paid out $9,344.38 in invoiced costs, while collecting $20,733.44 in revenues from Ms. Munoz and Allstate. (Exhibit 7 at 2.)

12. After the work was complete, Plaintiff sent Allstate an invoice for repairs in the amount of $31,281.35. (Exhibit 1 at 57:18-58:5, 59:14-60:1; Exhibit 4.)

13. Allstate had never approved repairs in the amount of $31,281.35. In the invoice Plaintiff nevertheless demanded an additional payment of $10,547.91, which reflected its purported cost of repairs minus the $20,733.44 already paid to it. (Exhibit 1 at 63:19-64:6, 64:24-65:3; Exhibit 4.)

14. Allstate determined that Plaintiff's request for additional money was baseless, and did not pay the invoice. Plaintiff then filed suit.

## II. EXTERIOR EXPERTS FILES SEVEN BAD FAITH LAWSUITS

15. In 2019, Exterior Experts filed seven similar lawsuits against different insurance carriers, including this lawsuit.[2] Each complaint alleged just one claim for relief, brought under

---

[2] *See Exterior Experts, Inc. v. Allstate Fire & Casualty Ins. Co.*, 19-cv-01563-REB-KLM (D. Colo.); *Exterior Experts, Inc. v. Allstate Vehicle and Property Ins. Co.*, 19-cv-01566-RBJ (D. Colo.) (this is the present action); *Exterior Experts, Inc. v. American Family Mutual Ins. Co.*, 19-cv-01571-WJM-NRN (D. Colo.); *Exterior Experts, Inc. v. American Modern Select Ins.*, 19-cv-01536-STV (D. Colo.); *Exterior Experts, Inc. v. Nationwide Ins. of America*, 19-cv-01526-WJM-

5

Colorado's insurance bad faith statute, C.R.S. §§ 10-3-1115, 1116. In each suit, Plaintiff alleged that insurers had improperly delayed or denied payment of policy benefits for hail-damage repair work which the insurers' policyholders had engaged Plaintiff to perform. (*See, e.g.,* ECF Doc. 4.)

16. Plaintiff's vague complaints in the seven cases, including the Complaint here, did not allege any facts describing how policy benefits were supposedly delayed or denied in bad faith; rather the complaints simply alleged in conclusory fashion that the insurers owed Plaintiff money. (*See* ECF Doc. 4.)

17. In September 2019, Plaintiff's owner Jason Daniel Sloan posted the following to Facebook regarding Plaintiff's seven lawsuits[3]:



(Exhibit 8 ¶ 6.)

---

NYW (D. Colo.); *Exterior Experts, Inc. v. Standard Fire Ins.*, 19-cv-01450-REB-NRN (D. Colo.); *Exterior Experts, Inc. v. State Farm Fire and Cas.*, 19-cv-01592-REB-SKC (D. Colo.).

[3] Mr. Sloan is Plaintiff's sole shareholder, director, officer, and employee. (Exhibit 1 at 24:7-25:2.)

18. Plaintiff filed the instant lawsuit in Jefferson County District Court, Colorado, in May 2019. (ECF Doc. 4.) On the state Civil Case Cover Sheet filed with its Complaint, Plaintiff checked the box stating that Plaintiff was seeking over $100,000 from Allstate, including penalties but excluding attorney fees, interest and costs. (Exhibit 9.)

19. When Allstate was served with the Complaint it of course had not yet deposed Mr. Sloan. Due to the vague nature of the Complaint's allegations, Allstate had no way of knowing whether the Complaint was in fact allegedly worth more than $100,000 including penalties but excluding attorney fees, interest and costs.

20. Allstate timely removed the action to this Court. (ECF Doc. 1.) In doing so, and as allowed by Tenth Circuit precedent, Allstate reasonably relied on Plaintiff's representation that the case was worth more than $100,000 including penalties but excluding attorney fees, interest and costs. (ECF Doc. 1, ¶ 20.) *See Paros Properties LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016).

21. After discovery commenced in this case, Allstate retained an independent local repair expert, Mr. Chris Warlow of Unified Building Sciences. Mr. Warlow inspected Ms. Munoz's property and evaluated the file in this case. Mr. Warlow concluded that Allstate adjusted the claim properly, and that Allstate's payment to Ms. Munoz reflected an approximately reasonable value for the covered repairs. (Exhibit 7 at 3.)

22. Plaintiff did not submit a rebuttal to the report of Allstate's independent expert, nor has Plaintiff taken any depositions in this action nor served Allstate with any written discovery requests.

23. Plaintiff's Complaint alleged that "Ms. Munoz assigned all causes of action and rights to payment of every kind to Exterior Experts." (ECF Doc. 4, ¶ 11.) But during Plaintiff's Rule 30(b)(6) deposition, Mr. Sloan expressly admitted that in fact Plaintiff had no assignment from Ms. Munoz. (Exhibit 1 at 78:21-84:5, 91:1-93:8.)

### III. PLAINTIFF ABANDONS ALL OF ITS LAWSUITS

24. In January 2020 Plaintiff's counsel moved to withdraw from all seven hail lawsuits it had filed for Plaintiff, including this one. (*See* ECF Doc. 27 in this case.)

25. On January 23, 2020 the Court granted the motion to withdraw but warned Plaintiff that it must retain counsel because a corporation cannot represent itself. (ECF Doc. 28.)

26. The January 23, 2020 Order further stated that "Plaintiff must either retain new counsel or have the case dismissed for failure to prosecute." (ECF Doc. 28.)

27. The January 23, 2020 Order instructed Plaintiff to "provide a status report regarding efforts to retain counsel by February 10, 2020." (ECF Doc. 28.)

28. Plaintiff never provided a status report. Nor did Plaintiff provide the Court or undersigned counsel with any indication that it was looking for a new lawyer. No new lawyer has entered an appearance for Plaintiff.

29. On February 11, 2020, this Court noted that Exterior Experts had failed to provide a status update or appoint new counsel as instructed by the January 23, 2020 Order. The Court therefore entered an Order to Show Cause, which "direct[ed] that the plaintiff show cause on or before **February 21, 2020** as to why the case should not be dismissed for failure to prosecute, including failure to provide a status report by February 10, 2020, as ordered at ECF Doc. 28." (ECF Doc. 31; original emphasis.)

30. Plaintiff did not obey the Order to Show Cause by February 21, 2020, nor in the months since that deadline has passed. Mr. Sloan has not communicated at all with the Court or Allstate's counsel.

31. Without counsel to pursue its legal campaign against insurance companies, Plaintiff's seven hail cases have collapsed. As of this filing, all those cases have been dismissed or are in the process of being dismissed due to Plaintiff's failure to respond to court orders.[4]

32. Despite the fact that Plaintiff and Mr. Sloan have defied the Court and abandoned Plaintiff's seven cases, Plaintiff and Mr. Sloan appear to be actively contemplating bringing even more hail damage claims against insurance companies. Mr. Sloan has updated his Facebook picture to advertise that he "loves" hail:

---

[4] *See Exterior Experts, Inc. v. Allstate Fire & Casualty Ins. Co.*, 19-cv-01563-REB-KLM (D. Colo.) (claims dismissed with prejudice as a sanction and costs awarded); *Exterior Experts, Inc. v. Allstate Vehicle and Property Ins. Co.*, 19-cv-01566-RBJ (D. Colo.) (this is the present action); *Exterior Experts, Inc. v. American Family Mutual Ins. Co.*, 19-cv-01571-WJM-NRN (D. Colo.) (claims dismissed); *Exterior Experts, Inc. v. American Modern Select Ins. Co.*, 19-cv-01536-STV (D. Colo.) (claims dismissed via stipulation); *Exterior Experts, Inc. v. Nationwide Ins. Co. of America*, 19-cv-01526-WJM-NYW (D. Colo.) (claims dismissed); *Exterior Experts, Inc. v. Standard Fire Ins. Co.*, 19-cv-01450-REB-NRN (D. Colo.) (Plaintiff did not retain new counsel by deadline of March 25, 2020); *Exterior Experts, Inc. v. State Farm Fire and Cas.*, 19-cv-01592-REB-SKC (D. Colo.) (motion to dismiss for failure to prosecute is pending).

9



(Exhibit 8 ¶ 7.)

33. And, in December 2019, Plaintiff advertised this apparent corporate retreat in Mexico where it was training its staff of ten people and "getting ready for 2020!":



10

(Exhibit 8 ¶ 8.)

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and supporting documents indicate "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings. To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (internal citation omitted). Where the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citation omitted).

Colorado substantive law governs this diversity case. *See Barrett v. Tallon*, 30 F.3d 1296, 1300 (10th Cir. 1994). In Colorado, the interpretation of an insurance policy is a matter of law. *Compass Ins. Company v. City of Littleton*, 984 P.2d 606, 613 (Colo. 1999).

## ARGUMENT

Plaintiff has filed a series of baseless lawsuits in a transparent attempt to shake down insurance companies for quick settlements. Once that effort was exposed, Plaintiff then abandoned its lawsuits and defied Court Orders seeking to bring resolution to these open cases. The Court should grant summary judgment against Plaintiff for two principal reasons: Plaintiff has no basis to sue Allstate, and Allstate does not owe Plaintiff any insurance benefits. Indeed,

the Complaint is frivolous under § 10-3-1116(5), and therefore Allstate should be awarded all its reasonable attorney fees and costs. Independently, the Complaint should be dismissed with prejudice, and Allstate should be awarded all its costs and part of its fees, because Plaintiff has failed to prosecute and has defied Court Orders.

I.   **ALLSTATE IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S SOLE CLAIM**

Plaintiff's Complaint in this action has just one claim for relief: statutory bad faith delay or denial of covered insurance benefits pursuant to C.R.S. § 10-3-1115, 1116. Pursuant to that statute, "an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." § 10-3-1115(2). As the plaintiff in this action, Exterior Experts has the burden of proving that Allstate acted unreasonably in declining to issue payment to Plaintiff for the additional $10,547.91 in unauthorized alleged repair costs. Plaintiff cannot meet that burden, for at least three reasons.

First, Plaintiff's standing is highly questionable. As discussed above, the Complaint alleged that Ms. Munoz had assigned her insurance claim to Plaintiff, but during deposition Plaintiff expressly admitted that there was no assignment. Absent a contractual assignment, Plaintiff's only potential basis for standing would be to sue the insurer under authority of *Kyle W. Larson Enterprises, Inc. v. Allstate Ins. Co.*, 2012 COA 160M, 305 P.3d 409 (Colo. App. 2012). That case allowed a contractor—under the particular circumstances there present—to sue the insurer "on behalf of" the insured, for an alleged violation of 10-3-1115, 1116. But during Plaintiff's deposition here, Plaintiff expressly disclaimed that it had brought the Complaint "on behalf of" Ms. Munoz. (Exhibit 1 at 47:21-48:3) Plaintiff stated it had brought the Complaint for itself, and would keep any and all proceeds received. (Exhibit 1 at 47:21-48:3) Plaintiff cannot

prove that Allstate unreasonably declined to pay Exterior Experts because Allstate was <u>never</u> obligated to pay any amounts to Exterior Experts, and in fact never did. Rather, Allstate paid its policyholder, Ms. Munoz, for covered benefits under her insurance policy. Ms. Munoz then hired and paid Exterior Experts. At no point was Exterior Experts ever entitled to any payment directly from Allstate.[5]

<u>Second</u>, even assuming that Exterior Experts could show that it is owed any money from Allstate directly—which it cannot—Plaintiff's claim should be dismissed because Allstate did not wrongfully delay or deny any covered insurance benefits. Allstate promptly inspected Ms. Munoz's Property and timely paid all amounts due to Ms. Munoz. Plaintiff hired an independent contractor to replace Ms. Munoz's roof, and for doing so, Plaintiff received over $10,000 in profit. There is no evidence in this case indicating any reason why Plaintiff should be entitled to an <u>additional</u> $10,000 in pure profit, just because Mr. Sloan wants to have incredibly high profit margins. Allstate paid all amounts necessary to pay for repairs to Ms. Munoz's Property, and then some. The Policy requires only that Allstate pay for repairs for covered losses, including hail. (Exhibit 10 at PDF pages 7, 17, 29-30, 38, 41-45). The Policy does not require that Allstate pay over $20,000 in pure profit to a contractor for a roof that costs less than $10,000 to replace. Accordingly, Allstate has fulfilled its obligations under the Policy. Because Plaintiff cannot demonstrate that Allstate wrongfully delayed or denied any covered insurance benefits, its claim must be dismissed.

---

[5] In any event, under its Contract with Ms. Munoz, Plaintiff agreed to conduct the repair work in exchange for the amount of money authorized by Allstate. Since Allstate authorized $20,733.44 in repairs—and since Plaintiff has been paid precisely $20,733.44 by Ms. Munoz for its purported work—no additional amounts are due to Plaintiff.

## II. ALLSTATE IS ENTITLED TO SANCTIONS IN THE FORM OF DISMISSAL OF THE CASE WITH PREJUDICE, ATTORNEY FEES, AND COSTS

Allstate is entitled to sanctions for two independent reasons. First, Plaintiff's claim is a frivolous statutory bad faith claim, and Colorado law provides that defendants are owed attorney fees in the event of a frivolous statutory bad faith lawsuit. Second, Plaintiff has repeatedly defied this Court's Orders and failed to prosecute the litigation, and therefore sanctions are warranted pursuant to several authorities.

### A. Plaintiff's Claim is Frivolous Pursuant to § 10-3-1116(5)

Section 10-3-1116(5) states that the court "shall award costs and attorney fees to the defendant in the action" if the court finds that the action was "frivolous" under section 13-17-101 (C.R.S.) *et seq*. In turn, section 13-17-102(4) provides that an action is frivolous if it lacks substantial justification. In *Villa Maison Homeowners Ass'n, Inc. v. Owners Ins. Co.*, No. 1:17-CV-01542-RM-KMT, 2019 WL 3302165, at *1 (D. Colo. July 23, 2019), the Court relied on this authority in awarding all of the defendant's fees and costs related to defending against a baseless statutory bad faith insurance claim.

Plaintiff's Complaint is frivolous for several reasons, whether viewed separately or collectively.

First, as noted above, Plaintiff's Complaint lacks any factual basis for asserting that Allstate failed to pay for covered insurance benefits. Plaintiff spent just $9,344.38 to have others perform the work on the Munoz Property. It was paid $20,733.44 for acting as the middleman. That's a profit of over 120% to Plaintiff. Unsatisfied with that incredible margin, Plaintiff sought to have Allstate pay it another $10,547.91, seeking to bring its profit margin to a ridiculously

high level of 235%, and for purported additional repairs which were not even submitted for Allstate's approval as required by Plaintiff's own Contract with Ms. Munoz.

Second, Plaintiff has made misrepresentations to the Court. When filing its Complaint in state court, Plaintiff certified that the case was worth more than $100,000 including penalties but excluding attorney fees, interest, and costs. Removal to this Court was permissibly made in reliance on that certification. Although § 10-3-1116 carries a double penalty,[6] Allstate's post-removal discovery work has demonstrated that, even with the penalty, on Plaintiff's best day its claim is worth nothing near $100,000 excluding attorney fees, interest and costs.

During the August 12, 2019 Scheduling Conference, the Court noted these troubling jurisdictional facts and warned Plaintiff that it would consider imposing sanctions if Plaintiff did not meet the $75,000 amount-in-controversy requirement for diversity jurisdiction. (*See* ECF Doc. 22 at 3-4.) Yet Plaintiff let the case continue, forcing Allstate to incur attorney fees, expert witness fees, and other significant costs in performing the discovery work necessary to show that Plaintiff's Complaint is baseless.

Third, Mr. Sloan's September 9, 2019 Facebook post shows Plaintiff brought its seven hail cases, including this one, to try to leverage settlement money out of the insurers. Greed is the motive for these cases, not colorable factual allegations of insurer unreasonableness. Mr. Sloan seeks to have insurers (and ultimately, honest policyholders) fund his trips to Mexico with his large staff of assistants. The Facebook posts pictured above show that Plaintiff will be back,

---

[6] As the Complaint had no breach of contract claim, there could be no treble damages. *See Am. Family Mut. Ins. Co. v. Barriga*, 2018 CO 42, 418 P.3d 1181. (The statute also awards attorney fees and costs, but the Civil Case Cover Sheet excludes those items.)

filing more baseless claims. Plaintiff should be de-incentivized from continuing to file baseless lawsuits as part of its money-making scheme.

For these and the other reasons that warrant a grant of summary judgment in Allstate's favor, the Court should find the Complaint to be frivolous and award Allstate all its attorney fees and costs under section 10-3-1116(5).

### B. Plaintiff has Failed to Prosecute and has Violated Court Orders

Sanctions in the form of dismissal with prejudice, attorney fees, and costs should be imposed because the foregoing undisputed facts show that Plaintiff has abandoned this case and has also violated this Court's orders of January 23, 2020 and February 11, 2020.

In Plaintiff's other hail case against Allstate, Plaintiff similarly abandoned its complaint and violated orders to first find a new lawyer and then show cause why the case should be dismissed. *See Exterior Experts v. Allstate Fire and Casualty Insurance Company*, Doc. 19-cv-01563-REB-KLM (D. Colorado) (ECF Docs. 39, 43-46.) Acting *sua sponte*, Judge Blackburn dismissed that action with prejudice and also awarded Allstate its costs. (*Id.*, ECF Doc. 45) A copy of his order doing so is submitted here as Exhibit 11. For the reasons set forth in that order, Allstate asks this Court to also dismiss this action with prejudice and award Allstate all its costs. *See also* Fed. R. Civ. P. 41(b), Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 41.1, and D.C.COLO.LCivR 54.1.

This Court should also award Allstate its attorney fees for all work occasioned by Plaintiff's violations of the January 23 and February 11, 2020 Orders. Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure states the Court "may issue any just orders" to sanction a party which "fails to obey a … pretrial order." Except in circumstances not present here, Rule 16(f)(2)

16

*requires* that those sanctions include having the disobedient party pay the other side's attorney fees (and other reasonable expenses) incurred as a result of disobedience of the pretrial order. The January 23 and February 11, 2020 Orders are both "pretrial order[s]." Therefore Plaintiff must be ordered to pay Allstate's reasonable expenses incurred as a result of Plaintiff's violation of those two Orders.[7] *See also Brooker v. Gould*, No. 12-cv-01608-REB-KMT, 2013 WL 317960, at * 1-2 (D. Colo. Jan. 28, 2013) (imposing attorney fees and costs on pro se plaintiffs, in addition to dismissing their complaint with prejudice, for their violation of a pretrial order directing them to file an amended complaint).

## CONCLUSION

WHEREFORE, Allstate respectfully requests that the Court grant it summary judgment, dismiss this case with prejudice, and award Allstate its attorney fees and costs.

Dated:  May 22, 2020

Respectfully submitted,

*s/ Cedric D. Logan*
Terence M. Ridley
Cedric D. Logan
Dean S. Neuwirth
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:   303.244.1800
Facsimile:   303.244.1879
Email:   ridley@wtotrial.com
             logan@wtotrial.com
             neuwirth@wtotrial.com

Attorneys for Defendant,
Allstate Vehicle and Property Insurance Company

---

[7] Preparing this motion is such a consequence.

## CERTIFICATE OF SERVICE (CM/ECF)

  I HEREBY CERTIFY that on May 22, 2020, the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND FOR SANCTIONS** was electronically filed with the Clerk of Court using the CM/ECF system; with service made as follows due to the fact that Plaintiff is currently unrepresented and cannot now be served via CM/ECF:

  In compliance with Fed. R. Civ. P. 5(b)(2)(C), by first class mail, postage prepaid, addressed as follows:

| | |
|---|---|
| Jason D. Sloan | Jason D. Sloan |
| Exterior Experts, Inc. | Exterior Experts, Inc. |
| 6145 Broadway #34 | 4696 Hoyt Street |
| Denver, CO 80216 | Westminster, CO 80033-2926 |

With an additional copy informally served via e-mail, to jason@myexteriorexperts.com

                *s/ Cedric D. Logan*