IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-01566-RBJ

EXTERIOR EXPERTS, INC.,

    Plaintiff,

v.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,

    Defendant.

---

ORDER on ATTORNEY'S FEES and COSTS

---

    This is an insurance coverage case. On May 8, 2017, the home of Elda Munoz was damaged by wind and hail. She retained the plaintiff, Exterior Exports, Inc., to perform repair work. Allstate paid most of the repair costs. Nevertheless, Exterior Experts obtained an assignment of Ms. Munoz's insurance claim and sued Allstate, seeking double damages and attorney's fees due to Allstate's allegedly unreasonable delay or denial of paying the full amount claimed for the repairs. However, plaintiff's counsel later withdrew, citing unspecified grounds under the rules of professional conduct, and plaintiff thereafter neither prosecuted nor dismissed its claim.

    On February 11, 2020 the Court issued an order to show cause why the case should not be dismissed for failure to prosecute and failure to comply with a court order. Plaintiff did not respond to the Court's order to show cause. The defendant then filed a motion for a summary judgment, and as a sanction for plaintiff's litigation conduct, asked the Court to dismiss the case

1

with prejudice and to award attorney's fees and costs.  ECF No. 33.  Plaintiff did not respond.  In support of its motion the defendant provided a copy of a recent order by Judge Blackburn adopting a recommendation of a magistrate judge and dismissing a similar case of the plaintiff's with prejudice and sanctions.  ECF No. 33-11 (Exterior Exports, Inc. v. Allstate Fire and Casualty, 19cv1563)).

On July 6, 2020 this Court issued an order granting defendant's motion for summary judgment.  ECF No. 34.  The Court found that the case should be dismissed with prejudice, and that reasonable attorney's fees should be award, as sanctions.  The defendant was directed to file a bill of costs and documentation of the attorney's fees it claimed.  *Id.* at 2.

The defendant subsequently filed a bill of taxable costs, ECF No. 37.  The plaintiff did not respond, and costs were taxed by the Clerk in favor of the defendant in the amount of $2,352,27.  ECF No. 43.  The defendant also filed a motion for an award of attorney's fees and non-taxable costs.  ECF No. 40.  Once again the plaintiff did respond.

In determining the reasonableness of attorney's fees the Court first determines the "lodestar," meaning the product of hours reasonably expended times a reasonable hourly rate. The lodestar is presumed to a be a reasonable rate, although it is subject to adjustment by the Court.  *See Robinson v. City of Edmund,* 160 F.3d 1275, 1281 (10th Cir. 1998).  In determining the reasonableness of the hours and rates, courts often apply the factors articulated in *Johnson v.*

*Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974].[1]  The Colorado Rules of Professional Conduct provide a similar list of relevant factors.[2]

Although the plaintiff did not request a hearing or otherwise respond, the Court has considered and applied the *Johnson* factors to the extent they are applicable in this instance.  The Court finds that the hours billed were reasonable, particularly given that the plaintiff sought more than $100,000 in damages and, for a while, was represented by lawyers who are known to the Court to be highly experienced in prosecuting insurance coverage cases arising out of property damage caused by hail and wind storms.  The Court is generally familiar with rates charged by experienced insurance coverage defense counsel in the community, based on the Court's years as a practicing lawyer, a state and federal judge, and finds that the rates are reasonable and customary for the community.  The Court has also considered the favorable result obtained and the reputation of the Wheeler Trigg lawyers involved in the case in terms of ability and professionalism.  Based on those factors, the Court finds that the fee charged (the lodestar) was reasonable.

---

[1] *Johnson* lists 12 factors for courts to consider in determining reasonableness: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) preclusion of other employment; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney's; (10) the undesirability of the case; (11) the nature and relationship of the professional relationship with the client; and (12) awards in similar cases.  *Id.* at 717-19.

[2] The Colorado Rules of Professional Conduct are found as an Appendix to Chapters 18 to 20, COLORADO COURT RULES – STATE (2018).  These factors identified in Rule 1.5 are (1) time and labor required, (2) likelihood of preclusion of other employment, (3) fee customarily charged in the locality, (4) amount involved and results obtained, (5) time limitations imposed by the client or circumstances, (6) nature and length of the professional relationship, (7) experience, reputation, and ability of the lawyer(s), and (8) whether the fee is fixed or contingent.

As for the costs that were not taxable under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54(1), the primary item is $4,148.50 for expert fees. While expert fees are generally not taxable as costs awarded to prevailing parties, the request here is for an award of non-taxable costs as a sanction. In that context, the Court finds that it is reasonable and appropriate to award those expert fees and the minor amount of additional costs incurred for Westlaw legal research and miscellaneous filing fees as part of the overall sanction.

## ORDER

For the foregoing reasons, defendant's motion for an award of attorney's fees and non-taxable costs as a sanction, ECF No. 40, is GRANTED. An Amended Final Judgment will issue reflecting the award to the defendant, Allstate Vehicle and Property Insurance Company, and against the plaintiff, Exterior Exports, Inc., of (1) taxable costs in the amount of $2,352.27; (2) attorney's fees in the amount of $42,576.50; and (3) non-taxable costs in the amount of $4,386.53.

DATED this 16th day of November, 2020.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge